```
 1                     UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
 2
        UNITED STATES OF AMERICA,
 3                                              Criminal Case Nos.
                      Plaintiff(s),             25-mj-00091
 4                                              25-cr-00224

 5            v.
                                                Washington, D.C.
 6      ELIAS RODRIGUEZ,
                                                August 6, 2025
 7                    Defendant(s).

 8      ------------------------------------------------------------

 9                            MOTION HEARING
                   BEFORE THE HONORABLE JAMES E. BOASBERG
10                  UNITED STATES DISTRICT CHIEF JUDGE

11      APPEARANCES:

12      FOR THE PLAINTIFF(S):    Jeffrey S. Nestler, Esquire
                                 Jonathan Hornok, Esquire
13                               Joslyn Ballantine, Esquire
                                 Gregg Maisel, Esquire
14                               Timothy Visser, Esquire
                                 Andrew Manns, Esquire
15                               United States Attorney's Office
                                 District of Columbia
16                               601 D Street Northwest
                                 Washington, DC 20004
17

18      FOR DEFENDANT(S):        No appearance

19

20

21      REPORTED BY:             Tammy Nestor, RMR, CRR
                                 Official Court Reporter
22                               333 Constitution Avenue Northwest
                                 Washington, D.C. 20001
23                               tammy_nestor@dcd.uscourts.gov

24

25
```

```
 1     The following proceedings began at 4:49 p.m.:
 2             THE COURTROOM DEPUTY:  We are on the record in a
 3     magistrate case under seal.
 4             Beginning with counsel for the government, if you
 5     could please state your name for the record.
 6             MR. NESTLER:  Good afternoon, Your Honor.  This is
 7     Jeff Nestler on behalf of the United States.  Also present
 8     in the room with me are AUSAs Jonathan Hornok, Joslyn
 9     Ballantine, Gregg Maisel, and Tim Visser, and Civil Rights
10     Attorney Andrew Manns.
11             THE COURT:  Okay.  Good afternoon to all of you
12     folks.
13             So I guess the question is there's a somewhat
14     unprecedented request for a delay in the docketing.  And I
15     understand on a basis of being considerate to victims, which
16     I commend and I think is important and I'm glad you are
17     doing that, but I'm not sure it supersedes the law here.
18             So in other words, what -- what you have proposed to
19     me are, one, the Victims' Rights and Restitution Act
20     requires a responsible official to provide a victim the
21     earliest possible notice.
22             Okay.  So that's now.  So that's certainly not a
23     reason to delay it, is it, that that statute -- how does
24     that have a statutory basis to delay this?
25             MR. NESTLER:  So to be clear, if we sort of step back
```

1   for a second, Your Honor, is we are not asking to seal
2   anything.  We are asking to delay the docketing.  So Judge
3   Faruqui accepted the return of the indictment in open court.
4   It has been officially returned.  It is a live indictment.
5   We are just asking the Court to direct the clerk's office to
6   not docket the indictment until tomorrow morning.  We are
7   not seeking a seal.
8           THE COURT:  I understand.
9           MR. NESTLER:  The reason being is that one of the
10  victims' families are in a time zone that makes it
11  impracticable to provide such a notice.  That's one.  And
12  two, because of the number of victims, the number of
13  victims' families in disparate time zones, providing them
14  seriatim notice we did not think would be treating them with
15  dignity and fairness because they all know each other.  And
16  so we think providing them all notice contemporaneous with
17  each other would be appropriate.
18          THE COURT:  Right.  So why don't you have different
19  people email or call the different victims, and that way
20  they will get it simultaneously?  And the Israeli family,
21  maybe they are awake and they get it, and if not, they have
22  to wait until they wake up in the morning, but they will
23  know that you sent it at the immediate moment.
24          I just don't see how the -- and I understand it's not
25  a sealing.  It's a request to delay the docketing.  But I

```
 1    don't see the basis for it once the indictment has been
 2    returned.
 3            MR. NESTLER:  The CVRA requires all the government
 4    officials to treat the victims with dignity and fairness.
 5    We believe that in this kind of a situation, having a
 6    face-to-face conversation being facilitated via video
 7    conference with victims' families as opposed to a cold email
 8    or a phone call, especially given the gravity of what is
 9    potentially being asked here, is appropriate and is treating
10    them with fairness and dignity and that they hear it
11    directly from the government, an appropriate official from
12    the government, first rather than seeing it from some other
13    mechanism.  And we believe that a slight delay in docketing
14    just until tomorrow morning would not unduly burden the
15    public interest.
16            THE COURT:  And again, I commend the instinct and the
17    desire to do it, but I don't think it supersedes what the
18    law requires here.  And the Judge Friedrich case isn't
19    applicable since that's a question about -- that case was
20    sealed.  So I don't think that's analogous.
21            MR. NESTLER:  That case was sealed, Your Honor.  That
22    is correct.  From our perspective, we don't believe that
23    there is a law that requires immediate docketing, so that's
24    when we talk about what the law requires, I don't believe
25    that is the case.
```

1     THE COURT: That's my understanding certainly from
2  talking to the magistrate judges, that when indictments are
3  returned, they are docketed unless -- I mean, if they
4  sealed, they are sealed. But there is no basis to seal
5  this. And I have consulted with a couple of other judges on
6  this, and nobody thinks that it should not be docketed.
7     MR. NESTLER: Understood, Your Honor. I guess our
8  point is that that not -- that is a practice and a norm and
9  a good one and one that we respect and are usually in favor
10 of. We don't believe that there is a law or any rule or
11 other statute that would require an immediate docketing and
12 that would not allow the Court to exercise its discretion to
13 have a slight delay in docketing to accommodate other
14 interests.
15    THE COURT: I agree that's the practice. And I don't
16 know if -- I can't tell you if there's a law that
17 specifically requires it, but I don't think there's a basis
18 to not follow our practice in this.
19    So again, you folks can -- you can email and set up a
20 call, obviously, as you wish. And I'm happy to tell them to
21 wait another ten minutes or so to docket it. But I don't --
22 the indictment's been returned. It should be docketed.
23    MR. NESTLER: Thank you, Your Honor.
24    THE COURT: Okay. So I will deny the request to
25 delay docketing.

```
 1              (The hearing concluded at 4:57 p.m.)
 2                            - - -
 3                        C E R T I F I C A T E
 4
 5         I hereby certify that the foregoing is an accurate
 6     transcription of the proceedings in the above-entitled
 7     matter.
 8
 9
10     8/8/25                    s/ Tammy Nestor
                                 Tammy Nestor, RMR, CRR
11                               Official Court Reporter
                                 333 Constitution Avenue NW
12                               Washington, D.C. 20001
                                 tammy_nestor@dcd.uscourts.gov
13
```