**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on January 10, 2025**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 1:25-cr-224-RDM** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **ELIAS RODRIGUEZ,** | : | **18 U.S.C. § 1116(a) (one count)** |
| | : | **(Murder of Foreign Official)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 249(a)(2) (two counts)** |
| | : | **(Hate Crime Resulting in Death)** |
| | : | |
| | : | **18 U.S.C. § 924(c)(1)(A)(iii) and (j)** |
| | : | **(two counts)** |
| | : | **(Discharge of Firearm During** |
| | : | **Crime of Violence and Causing** |
| | : | **Death of Person Through Use of** |
| | : | **Firearm)** |
| | : | |
| | : | **D.C. Code §§ 22-2101 and 22-4502** |
| | : | **(two counts)** |
| | : | **(First Degree Murder While** |
| | : | **Armed (Premeditated))** |
| | : | |
| | : | **D.C. Code §§ 22-401 and 22-4502** |
| | : | **(two counts)** |
| | : | **(Assault With Intent to Kill While** |
| | : | **Armed)** |
| | : | |
| | : | **D.C. Code §§ 22-3152, 22-3153(a),** |
| | : | **22-3153(f), and 22-4502** |
| | : | **(four counts)** |
| | : | **(Acts of Terrorism While Armed)** |
| | : | |
| | : | **SPECIAL FINDINGS:** |
| | : | **18 U.S.C. §§ 3591 and 3592** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d)** |
| | : | **21 U.S.C. § 853(p)** |
| | : | **28 U.S.C. § 2461(c)** |

## SUPERSEDING INDICTMENT

The Grand Jury charges that at all times relevant to this Indictment, on or about the dates listed below:

## INTRODUCTION

1.      The defendant, **ELIAS RODRIGUEZ**, was a United States citizen and resident of Chicago, Illinois, who had expressed support for violence against Israelis. For example:

        a.      On January 1, 2024, he publicly posted on social media, "Happy New Year, Death To Israel."

        b.      On May 17, 2024, he sent a direct message on social media that said, "please please please god please vaporize every Israeli 18 and above so these kids have some chance at becoming human."

        c.      On October 14, 2024, he publicly posted a video on social media of Israelis discussing Gaza and wrote, "Zionist incitement to genocide" and "what more evidence is needed that the colony and its recalcitrants will have to be totally extirpated by the end of all this."

2.      On May 20, 2025, the defendant, **ELIAS RODRIGUEZ**, traveled on an airplane from Chicago to Arlington, Virginia, and then in a vehicle into the District of Columbia. In his luggage, he transported a Heckler and Koch VP9 SK 9mm semi-automatic handgun.

3.      The defendant, **ELIAS RODRIGUEZ**, authored a document titled "Explication" with a date of "May 20, 2025." Among other things, the "Explication" stated:

        a.      "In the wake of an act people look for a text to fix its meaning, so here's an attempt."

        b.      "The atrocities committed by the Israelis against Palestine defy description and defy quantification."

        c.      "Nonviolent protest in the opening weeks of the genocide seemed to signal some sort of turning point. Never before had so many tens of thousands joined the Palestinians in

the streets across the West. Never before had so many American politicians been forced to concede that, rhetorically at least, the Palestinians were human beings, too. But thus far the rhetoric has not amounted to much. The Israelis themselves boast about their own shock at the free hand the Americans have given them to exterminate the Palestinians."

        d.    "Public opinion has shifted against the genocidal apartheid state, and the American government has simply shrugged, they'll do without public opinion then, criminalize it where they can, suffocate it with bland reassurances that they're doing all they can to restrain Israel where it cannot criminalize protest outright. . . . [T]he state works to make us feel . . . that there is no hope in escalating for Gaza and no point in bringing the war home. We can't let them succeed."

        e.    "The impunity that representatives of our government feel at abetting this slaughter should be revealed as an illusion, then."

        f.    "A word about the morality of armed demonstration. Those of us against the genocide take satisfaction in arguing that the perpetrators and abettors have forfeited their humanity. . . . A perpetrator may then be a loving parent, a filial child, a generous and charitable friend, an amiable stranger . . . , and yet be a monster all the same. Humanity doesn't exempt one from accountability."

        g.    "The action would have been morally justified taken 11 years ago during Protective Edge, around the time I personally became acutely aware of our brutal conduct in Palestine. But I think to most Americans such an action would have been illegible, would seem insane. I am glad that today at least there are many Americans for which the action will be highly legible and, in some funny way, the only sane thing to do."

        h.    "Free Palestine."

    4.    On May 21, 2025, the defendant, **ELIAS RODRIGUEZ**, used the internet to review details about and purchase a ticket to a "Young Diplomats Reception" sponsored by the

American Jewish Committee (AJC) at the Capital Jewish Museum (CJM) located at 575 3rd Street NW, Washington, DC.

5.      On May 21, 2025, the defendant, **ELIAS RODRIGUEZ**, reviewed AJC's website, which stated that AJC "stands up for Israel's right to exist in peace and security."

6.      The victims, Yaron Lischinsky, Sarah Milgrim, C.S., and A.T., were employees of the Israeli Embassy in Washington, DC, who attended AJC's "Young Diplomats Reception" at the CJM. Yaron Lischinsky was an Israeli citizen who was in the United States on official business. Sarah Milgrim, C.S., and A.T. were United States citizens.

7.      On May 21, 2025, shortly after the victims walked out of the CJM, the defendant, **ELIAS RODRIGUEZ**, approached them and fired approximately twenty shots using the Heckler and Koch VP9 SK 9mm semi-automatic handgun that he had transported from Chicago. Multiple shots struck Yaron Lischinsky and Sarah Milgrim, killing them. During the shooting, the defendant, **ELIAS RODRIGUEZ**, called out, "Free Palestine."

8.      On May 21, 2025, prior to the shooting, the defendant, **ELIAS RODRIGUEZ**, used the internet to schedule a public social media post at a time later that evening that would display the document titled "Explication."

9.      Shortly after the shooting, the defendant, **ELIAS RODRIGUEZ**, entered the CJM, where several event attendees were still present. Several minutes later, he displayed a red keffiyeh and said, "I did it for Palestine. I did it for Gaza."

10.     As police officers removed him from the CJM, the defendant, **ELIAS RODRIGUEZ**, called out "Free Palestine." Once outside the CJM, he continued to say, "Free Palestine," and made statements about "intifada," "revolution," and "free Gaza." He also yelled at event attendees who remained inside the CJM, "shame on you" and "shame on Zio-nazi terror."

11.     Paragraphs 1 through 10 of this Indictment are hereby reincorporated as to all Counts charged below.

## COUNT ONE

12.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, did unlawfully kill Yaron Lischinsky, a foreign official, that is, a person of a foreign nationality who was duly notified to the United States as an employee of the Government of Israel and who was in the United States on official business, with premeditation and malice aforethought.

(**Murder of Foreign Official**, in violation of 18 U.S.C. § 1116(a))

## COUNT TWO

13.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, willfully caused bodily injury to Yaron Lischinsky because of the actual and perceived national origin of any person.

14.     The conduct occurred during the course of and as a result of the travel of the defendant, **ELIAS RODRIGUEZ**, across a state line; the defendant, **ELIAS RODRIGUEZ**, used a channel, facility, and instrumentality of interstate commerce in connection with the conduct; and, in connection with the conduct, the defendant, **ELIAS RODRIGUEZ**, employed a firearm that traveled in interstate commerce.

15.     The offense resulted in the death of Yaron Lischinsky.

(**Hate Crime Resulting in Death**, in violation of 18 U.S.C. § 249(a)(2))

## COUNT THREE

16.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, willfully caused bodily injury to Sarah Milgrim because of the actual and perceived national origin of any person.

17.     The conduct occurred during the course of and as a result of the travel of the defendant, **ELIAS RODRIGUEZ**, across a state line; the defendant, **ELIAS RODRIGUEZ**, used a channel, facility, and instrumentality of interstate commerce in connection with the conduct; and,

in connection with the conduct, the defendant, **ELIAS RODRIGUEZ**, employed a firearm that traveled in interstate commerce.

18.    The offense resulted in the death of Sarah Milgrim.

(**Hate Crime Resulting in Death**, in violation of 18 U.S.C. § 249(a)(2))

## COUNT FOUR

19.    On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, knowingly used, carried, and discharged a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the violations of 18 U.S.C. §§ 1116 and 249 as charged in Counts One and Two, and in the course of the violation caused the death of Yaron Lischinsky through the use of a firearm in such a manner as to constitute murder as defined in 18 U.S.C. § 1111, in that the defendant, **ELIAS RODRIGUEZ**, with malice aforethought, did unlawfully kill Yaron Lischinsky with a firearm.

(**Discharge of Firearm During Crime of Violence and Causing Death of Person Through Use of Firearm**, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j))

## COUNT FIVE

20.    On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, knowingly used, carried, and discharged a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the violation of 18 U.S.C. § 249 as charged in Count Three, and in the course of the violation caused the death of Sarah Milgrim through the use of a firearm in such a manner as to constitute murder as defined in 18 U.S.C. § 1111, in that the defendant, **ELIAS RODRIGUEZ**, with malice aforethought, did unlawfully kill Sarah Milgrim with a firearm.

(**Discharge of Firearm During Crime of Violence and Causing Death of Person Through Use of Firearm**, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j))

### COUNT SIX

21.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, purposely and with deliberate and premeditated malice, killed Yaron Lischinsky, by shooting him with a firearm, thereby causing injuries from which he died on or about May 21, 2025.

> **(First Degree Murder While Armed (Premeditated)**, in violation of D.C. Code §§ 22-2101 and 22-4502 (2001 ed.))

### COUNT SEVEN

22.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, purposely and with deliberate and premeditated malice, killed Sarah Milgrim, by shooting her with a firearm, thereby causing injuries from which she died on or about May 21, 2025.

> **(First Degree Murder While Armed (Premeditated)**, in violation of D.C. Code §§ 22-2101 and 22-4502 (2001 ed.))

### COUNT EIGHT

23.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, assaulted C.S. with intent to kill a person.

> **(Assault With Intent to Kill While Armed**, in violation of D.C. Code §§ 22-401 and 22-4502 (2001 ed.))

### COUNT NINE

24.     On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, assaulted A.T. with intent to kill a person.

> **(Assault With Intent to Kill While Armed**, in violation of D.C. Code §§ 22-401 and 22-4502 (2001 ed.))

<u>**COUNT TEN**</u>

25.　　On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, committed the first degree murder of Yaron Lischinksy, that is, the violation of D.C. Code §§ 22-2101 and 22-4502 as charged in Count Six, with the intent to influence the policy and conduct of a unit of government by intimidation and coercion and with the intent to intimidate and coerce a significant portion of the civilian population of the United States and the District of Columbia.

> **(Act of Terrorism While Armed (First Degree Murder)**, in violation of D.C. Code §§ 22-3152, 22-3153(a), and 22-4502 (2001 ed.))

<u>**COUNT ELEVEN**</u>

26.　　On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, committed the first degree murder of Sarah Milgrim, that is, the violation of D.C. Code §§ 22-2101 and 22-4502 as charged in Count Seven, with the intent to influence the policy and conduct of a unit of government by intimidation and coercion and with the intent to intimidate and coerce a significant portion of the civilian population of the United States and the District of Columbia.

> **(Act of Terrorism While Armed (First Degree Murder)**, in violation of D.C. Code §§ 22-3152, 22-3153(a), and 22-4502 (2001 ed.))

<u>**COUNT TWELVE**</u>

27.　　On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, assaulted C.S. with intent to kill a person, that is, the violation of D.C. Code §§ 22-401 and 22-4502 as charged in Count Eight, with the intent to influence the policy and conduct of a unit of government by intimidation and coercion and with

the intent to intimidate and coerce a significant portion of the civilian population of the United States and the District of Columbia.

> **(Act of Terrorism While Armed (Assault With Intent to Kill)**, in violation of D.C. Code §§ 22-3152, 22-3153(f), and 22-4502 (2001 ed.))

**COUNT THIRTEEN**

28.    On or about May 21, 2025, within the District of Columbia, the defendant, **ELIAS RODRIGUEZ**, while armed with a firearm, assaulted A.T. with intent to kill a person, that is, the violation of D.C. Code §§ 22-401 and 22-4502 as charged in Count Nine, with the intent to influence the policy and conduct of a unit of government by intimidation and coercion and with the intent to intimidate and coerce a significant portion of the civilian population of the United States and the District of Columbia.

> **(Act of Terrorism While Armed (Assault With Intent to Kill)**, in violation of D.C. Code §§ 22-3152, 22-3153(f), and 22-4502 (2001 ed.))

**NOTICE OF SPECIAL FINDINGS PURSUANT TO
18 U.S.C. §§ 3591 AND 3592**

The Grand Jury further finds:

29.    As to Counts One, Four, and Five of this Indictment, the defendant, **ELIAS RODRIGUEZ**, was 18 years of age or older at the time of the offenses (18 U.S.C. § 3591(a)).

30.    As to Counts One, Four, and Five of this Indictment, the defendant, **ELIAS RODRIGUEZ**:

a.    intentionally killed victims Yaron Lischinsky and Sarah Milgrim (18 U.S.C. § 3591(a)(2)(A));

b.    intentionally inflicted serious bodily injury that resulted in the deaths of victims Yaron Lischinsky and Sarah Milgrim (18 U.S.C. § 3591(a)(2)(B));

c.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other

than the participant in the offenses, and victims Yaron Lischinsky and Sarah Milgrim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    d.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than the participant in the offenses, such that participation in the act constituted a reckless disregard for human life and victims Yaron Lischinsky and Sarah Milgrim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

    e.    in the commission of the offenses, knowingly created a grave risk of death to one or more other persons in addition to victims Yaron Lischinsky and Sarah Milgrim (18 U.S.C. § 3592(c)(5));

    f.    committed the offenses after substantial planning and premeditation to cause the death of a person and commit an act of terrorism (18 U.S.C. § 3592(c)(9)); and

    g.    intentionally killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

31.    As to Counts One and Four of this Indictment, death and injury resulting in death occurred during the commission by the defendant, **ELIAS RODRIGUEZ**, of the offense of killing and attempted killing of diplomats under 18 U.S.C. § 1116 (18 U.S.C. § 3592(c)(1)).

32.    As to Count Five of this Indictment, the defendant, **ELIAS RODRIGUEZ**:

    a.    committed the offense against a victim, Sarah Milgrim, in an especially heinous, cruel, and depraved manner in that it involved serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

    b.    committed the offense against a victim, Sarah Milgrim, who was particularly vulnerable due to infirmity (18 U.S.C. § 3592(c)(11)).

## FORFEITURE ALLEGATION

33.    Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendant, **ELIAS RODRIGUEZ**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Heckler and Koch VP9 SK semi-automatic firearm with serial number 232-053338.

34.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

A TRUE BILL:


FOREPERSON.


JEANINE FERRIS PIRRO
United States Attorney


By: _____
Jocelyn Ballantine
Deputy Chief, National Security Section