UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:25CR224 |
| : | |
| ELIAS RODRIGUEZ, : | |
| : | |
| Defendant. : | |

**UNOPPOSED MOTION TO SCHEDULE ARRAIGMENT HEARING**

Elias Rodriguez, by and through his attorneys, respectfully submits this Unopposed Motion to Schedule an Arraignment Hearing on March 2 or March 3, 2026, or at another time mutually available to the Court and the parties. In support of this Motion, counsel state:

1. On February 5, 2026, a Superseding Indictment was filed charging Mr. Rodriguez with the following: Murder of Foreign Official, in violation of 18 U.S.C. §1116(a); two counts of Hate Crime Resulting in Death, in violation of 18 U.S.C. § 249(a)(2); two counts of Discharge of Firearm During Crime of Violence and Causing the Death of a Person, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j); two counts of First Degree Murder While Armed, in violation of D.C. Code §§ 22-2101 and 22-4502; two counts of Assault with Intent to Kill while Armed, in violation of D.C. Code §§ 22-401 and 22-4502; and four counts of Act of Terrorism While Armed in violation of D.C. Code §§ 22-3152, 3153(a) and/or (f), and 22-4502. As with the original Indictment, the Superseding Indictment notices "special findings," under 18 U.S.C. §§ 3591 and 3591, which render this case death penalty eligible.

2. While the Arraignment Hearing is typically held within 14 days of return of the Indictment, this is not the typical case. Indeed, the Supreme Court has repeatedly reinforced that courts must approach death-penalty cases differently. *See, e.g.*, *Ring v. Arizona*, 536 U.S. 584, 605-06 (2002) ("no doubt that '[d]eath is different'" (citation omitted)); *Spaziano v. Florida*, 468 U.S.

447, 459 (1984) (citing Court's prior recognition of the "qualitative difference of the death penalty"); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (death is "qualitatively different"). In recognition of the uniqueness of a capital case, the Supreme Court "has been particularly sensitive to insure that every safeguard is observed." *Gregg v. Georgia*, 428 U.S. 153, 187 (1976). Thus, the Court must apply heightened procedural protections because the government has indicated it may seek death for Mr. Rodriguez. *See Beck v. Alabama*, 447 U.S. 625, 638 (1980) (applying heightened reliability standard to procedures that impact the reliability of the guilt determination in a death-penalty case).

3. Because this is a death penalty eligible case, in addition to undersigned counsel from the D.C. Federal Public Defender, learned counsel, who resides in Colorado, has been appointed. Additionally, experienced counsel from the Federal Capital Trial Unit, located in Philadelphia, has entered his appearance. Both counsel need to pre-arrange travel to the District to meet with Mr. Rodriguez and attend court hearings.

4. Pertinent to the scheduling of the Arraignment, defense counsel need to ensure that sufficient time is spent reviewing the Superseding Indictment. The legal theories raised in the Indictment are complex and not usual. Counsel thus need to conduct sufficient research and take the time necessary to explain the Superseding Indictment to Mr. Rodriguez prior to the Arraignment, including explaining the impact of the additional charges on the ongoing capital review process.

5. Due to defense counsels' collective travel and trial schedules—and the heightened need to review the Superseding Indictment carefully and extensively with Mr. Rodriguez—defense counsel request additional time to fully discuss the Indictment with Mr. Rodriguez prior to the Arraignment and requests that the hearing occur March 2 or March 3, 2026, or at another date and time mutually available to the Court and counsel.

6.      This case has previously been declared complex under 18 U.S.C. § 3161(h)(7)(B)(ii), and the Speedy Trial is presently being tolled pursuant to 18 U.S.C. § 3161(h)(7)(a) at least through the date of the next status hearing.

7.      Undersigned counsel have conferred with government counsel. The government does not object to scheduling the Arraignment for March 2 or March 3, 2026.

                                   Respectfully Submitted,

                                   A.J. KRAMER
                                   FEDERAL PUBLIC DEFENDER

                                     /s/
                                   _____
                                   Elizabeth Mullin
                                   Diane Shrewsbury
                                   Assistant Federal Public Defenders
                                   625 Indiana Avenue, N.W., Suite 550
                                   Washington, D.C. 20004
                                   (202) 208-7500

                                   Eric K. Klein
                                   Johnson & Klein, PLLC
                                   5398 Manhattan Circle
                                   Boulder, CO 80303
                                   (303) 444-1885

                                   Victor J. Abreu
                                   Federal Community Defender Office, EDPA
                                   601 Walnut Street, Ste 545 West
                                   Philadelphia, PA 19106
                                   (215) 928-0520